*W. N. Sweeney & Son, for appellant.*

---

ELIZABETH STANDEFORD ET AL. *v.* CASPER BATES.

[Abstract Kentucky Law Reporter, Vol. 2—389.]

**Wife's Joining Husband in Deed.**

> Where a wife signs and acknowledges a conveyance, and it is lodged in the proper office for record, the failure of the clerk when it was recorded to insert the name of the wife will not affect the rights of the grantee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 22, 1881.

OPINION BY JUDGE PRYOR:

It is admitted in the pleadings of this case, or if not the evidence establishes the fact beyond controversy, that the wife of the appellee signed and acknowledged the conveyance sought to be cancelled, as the law requires, and it was then lodged in the proper office for record. The omission by the clerk to insert the name of the feme when it was recorded can not affect the rights of the grantee, nor will the verity of the certificate made by the principal clerk be ques-

tioned for no other reason than that the proof during the progress of the case discloses the fact that the acknowledgment was taken by the deputy, and not by the principal. The foundation for an attachment upon the action and conduct of the officer must be found in the pleadings before the court can or will consider such a question.

The transfer of the title was regular and proper and the only remaining question is as to the competency of the wife to execute the conveyance, and whether or not its execution was induced by the exercise of an undue and improper influence on her by her husband. The wife left no children surviving her, and it was not material that the wife should desire to give to her husband, in preference to her relatives, the estate owned by her, and such a purpose would be the more certainly entertained in a case like this, where the husband, during the long and sad affliction of the wife, had manifested the greatest solicitude in regard to her condition, using every means that was available to restore her health. All the testimony on the part of the appellant, as well as the testimony for the appellee, conduces to show that this exhibition of kindness on the part of the husband was prompted by the love and affection he had for his wife, and an entire absence of any mercenary motive on his part. He may have yielded readily to the wishes of his wife in regard to the disposition of her estate; but that he even influenced her in the execution of the conveyance is not sustained in any manner by the proof, unless his affection for her, originating from the purest motive, is to be held as evidence of undue influence.

The attorney preparing the deeds conversed with the wife on the subject in the absence of her husband, and she had no hesitation in expressing to him her wishes on the subject. It is true that the appellee had seen the attorney some time before the deeds were executed, and consulted with him as to the manner in which the title could be passed from his wife, but this was done, as the appellee swears, at the instance of the wife, and we find nothing in the record authorizing the chancellor to discredit his statement.

Some of the neighbors say she was unacquainted with business matters and would not have likely known what a conveyance was unless explained to her, but when explained she had the mental power to comprehend it. This would be doubtless true of almost any woman who had never engaged in the business affairs of life. The testimony clearly shows that she had at least an ordinary intellect, and could not only express her wishes in regard to her es-

tate, but could comprehend fully the nature of the writing she was executing.

The judgment below is *affirmed*.

*Harlan & Wilson, for appellants.*

*William Lindsay, N. G. Rogers, for appellee.*